Taliaferro, J.,
dissenting. The inquiry in this case is simply: could the accident have been prevented by the exercise of that degree -of attention and care by the car driver which it was Iris duty to exercise in order to avoid accidents ? What is a car driver required to go at a moderate speed for, if it is not to avoid accidents'? What is he re■quired to be circumspect in driving for, if it is not to avoid running over people ? Why is he required to be constantly on the alert while moving, to look ahead and around, if it be not that he may-go along with safety among the thousands of persons constantly on the streets ? Now, these are the obligations he is under, and if he does not fulfill ■them he fails in his duties to the public and to his employers. I imagine there is no more common thing than that of accidents being prevented by the vigilance and skill of car drivers slackening their speed or stopping their cars, on occasion when there is danger of collision with other vehicles or of running over a person. Such prevention of accidents I doubt not, happens daily. The evidence is perfectly satisfactory to ane, that if the car driver in this case had been doing his duty, this accident might certainly have been prevented; that Johnson’s being on the track did by no means render the accident inevitable. Grant that' he was imprudent in being on the track, still, it is clearly shown by proof, that if the car driver had been doing his duty, he might easily have avoided running over the man. One witness says that at the point where this accident happened, it was light enough to see to pick ■up a pin. The witness Martin, sitting near in his cab, and viewing the scene distinctly, is positive in his statement that if the car driver had been driving as he ought to have done, he might have avoided running over him/ This witness swears that at the time of the disaster, the car driver was talking with a man standing in the car near the ■door. He was driving at an unusual speed. One witness thought at about the rate of ten miles an hour. A policeman who pursued the *56 car after tile accident, in order to identify it, saw more of his reckless driving. The policeman swears that the car driver made no stop whatever npon the happening of the accident, but went rapidly on and was near running over two other persons on the course at the Clay statue. It is clear to me from the evidence that this driver is an ignorant and stolid man of a reckless character, having no experience in the business he was engaged in, when he ran the car over Johnson. He was introduced as a witness on behalf of the defendants, but with little advantage to them.' It was drawn out of him on cross examination that the defendants had discharged him subsequently to this accident, on account of a collision between the car he drove and a steam car, and he admitted he was in fault for the happening of the collision. If then, under ordinary prudence and care, and by bestowing the attention upon his business that his duty required; if he had been driving at a moderate and safe speed, and looking forward and around him instead of being engaged in conversation with the young man standing at the door near him, he might without any difficulty have avoided running over the plaintiff. How stands the matter ? Here an accident occurred which the car driver had it entirely in his own power to prevent, and yet he did not prevent it. No co-operative act on the part of the plaintiff was necessary to enable the car driver to obviate the accident. There was clearly then in this case, no contributory negligence. All the facts in this case place it in that class of cases defined by this court, in 23 An. 464 (Knight v. Pontehartrain Railroad Company) under the second head as follows : “Where the conduct of the plaintiff has been imprudent or negligent, but such imprudence or negligence has not contributed to the accident. In such case the plaintiff may recover from a defendant in fault.” Can a person be said to have contributed to an accident unless by his own act he has placed it out of the power of the other party to prevent it when this other party might, otherwise have done it ? Take the case at bar, and suppose the facts in regard to the victim to have been different from what they are shown to be. Suppose the driver, going as he was, at an unusual and unwarrantable speed, reckless of accidents, and Johnson had rushed rapidly upon the track directly ahead of the mule and car so that the driver could not if he had aimed to do it, prevent his being killed or crippled and we have a case of contributive negligence. Many cases of what is termed contributive negligence occur. Par the greater number that appear in our reports belong to this class. But the facts of the case at bar are far different from those presented in any of the cases of thatclass. Johnson, it is shown, was sufficiently far in advance of the car, for a driver of ordinary prudence and care going at the customary speed, to have stopped his car before reaching him and thus *57 have prevented the accident. It is a case in my opinion coming distinctly under the second class of cases as defined in Knight’s case, 23 An. 464, viz: that although a party may have been imprudent or negligent, yet, where by his negligence or imprudence he has not contributed to the accident he may recover from a party- in fault.
In this case it was entirely at the volition of the driver to run over the man or not. Having done so, he and his employers should be responsible for the consequences.
I think the plaintiff should recover damages.